Pages # 1-18

JIMMIE STEPHEN
#C-56483 / A-1149
PO BOX 8101
SAN LUIS OBISPO, CA 93409-0001

2354 ___ 1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

FILED
APR 23 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

#2

Court of United States District
State of California - Southern

Case # CV-07-6379-

'08 CV 0751 DMS WMc

Jimmie Stephen -.
Plaintiff

v

R. "Hernandez"
et al Defendants

"Imminent Danger Exception"
"Suppressed Documents"
"Pattern of Misconduct" ongoing.
Plaintiff for "Good Cause" Request
"Supplement #2". FRCP #15..

1.. See Count #3 of "Complaint" as to "Plaintiff Belton".
2.. "Documents" of 12-16-05 willfully Denied. until 3-21-08..

Plaintiff Stephen hereby request to "Supplement #2 for "Good Cause" No Prejudice to Defendants in CV-07-6379 as in U.S.D.C. Southern based upon "willful" and malicious" "withholding" Documents for "Access to Court" and "Due Process of Law".. Denied. withheld "31" months "willfully". "Ngo v Woodford" 126. S.Ct. 2378 (2006).. Exhaustion of Remedies as mandatory "Andrews" 493.f3d. 1047/9th 2007/

Plaintiff states under "Warden Hernandez" Rights to "Access" "Due Process" Denied. Infringed." willfully. "maliciously". "28 USC. 1915-G"..

"Exhibit #1 & 2 & 3".

EXHIBIT 1-3

"SERIOUS PHYSICAL INJURY"

UNDER "LIRA v HERRERA" 427. F3d. 1164 (9th 2005).. All UNEXHAUSTED CLAIMS DISMISSED but EXHAUSTED CLAIMS CAN PROCEED. "IMMEDIATE DANGER" ONGOING.. WRITE-UP OF 8-8-05 REFERS to PLAINTIFF "BELTON" (COUNT #3) "WITHHOLDING GRIEVANCES" (SEE: PAGE 2-A) of 12-16-05.. "RECEIVED 3-21-08"..

EXHIBIT #1..

IN APPEAL # CTD-3-05-01607 DUE 11-28-05 the APPEALS COORDINATOR "Cota" "MUNOZ" WILLFULLY DENIED ACCESS to "2ND LEVEL COMPLETED APPEAL" by DEP WARDEN "ARMOSKUS" DATED 12-16-05 WILLFULLY. FROM INCIDENT of 8-8-05..

AS AFOREMENTIONED "GRIEVANCE" of 12-16-05 "STOLEN" FROM PLAINTIFF "LEGAL, CONFIDENTIAL MAIL" WHEN SENDING to 3RD LEVEL AFTER "DECISION to "REISSUE AND REHEAR" ALL DUE PROCESS DENIED. RECEIVED 3-21-08 by "LLOYD" CCI..

EXHIBIT #2.. "HEIMERMANN v LITSCHER" 337, F3d. 781, 82 (7th 2003).. REPRISALS..

ON 5-16-07 COUNSELOR "OSHIRO" of CMC DID WILLFULLY EXCESS PLAINTIFF "60 DAYS" FOR WRITE-UP of 8-8-05 AS UNDER "DOM # 54100.18.3" this is PROHIBITED..

EXHIBIT #3..

OVER "31 MONTHS" HAVE PASSED SINCE ORDER of 12-16-05 "NO REHEARING" HELD.. APPEAL MUST BE "GRANTED" IN FULL AS 115 IS "VOID" by PATTERN. CUSTOM. POLICY.

RES #3-18.. "COPY of "ENTIRE ORDER" AND GRIEVANCE ENCLOSED".

"RELIEF REQUESTED"

1.. "GRANTING" of "SUPPLEMENT #2" FORTHWITH..
2.. ANY "OTHER RELIEF by this COURT".

DATE 4-18-08 TRUE AGAINST FRAUD OR PERJURY SIGNATURE [signature]

DATE: December 13, 2006

NAME: STEPHEN

CDC #: C-56483

APPEAL LOG # RJD-2-06-01311

APPEAL DECISION PARTIALLY GRANTED **FIRST LEVEL REVIEW**

APPEAL ISSUES: You allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of correctional officers entered the library and without any provocation attacked you. You identified the officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses.

APPEAL RESPONSE: In reaching a decision on this issue, a thorough review of your appeal has been conducted. The applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual, Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592.

On Monday December 11, 2006, Correctional Lieutenant G. Savala interviewed you regarding your appeal issues. During your interview, you allege that on September 29, 2006, while at the Central Library, you were seated at a desk, when a group of Correctional Officers entered the Library and without any provocation attacked you. You identified the Officers as I. Bravo, C. Lira, M. McCurty and Sergeant Armenta. You also said as a result of this incident you lost your legal property and prescription glasses. Your only request was that you be awarded damages, which was clarified with you by myself, Lieutenant Savala, to mean money.

Officers Lira, McCurty, Bravo, Sergeant Armenta, Inmate Prince V-80747, and Ms. Simon, the Central Librarian, were interviewed. Lieutenant Munoz' video interview of your allegations of inappropriate use of force, (CDCR 3014) and Lieutenant Woods' Crime/Incident Report (CDCR 837) to include the Incident Commander's Review/Critique Use of Force # RJD-CEN-06-09-0592, were thoroughly reviewed. The information gathered from all these resources indicates you battered Ms Simon, the Central Librarian, when she attempted to retrieve a document as you were attempting to forge your name as the recipient of a" CERTIFICATE OF ACHIEVEMENT" for " Legal Assistant/Paralegal Civil & Criminal Law." She activated her personal alarm, and responding staff arrived. You were still seated at a desk. Officer Bravo ordered you to stand up and turn around so that he could place handcuffs on you. You did not comply with the legal order given to you. Instead, you reached into a box causing Officer Bravo to fear for his safety. He responded by using physical force on you. Officer Palencia and Officer McCurty assisted Officer Bravo in overcoming your resistance, effecting custody, and gaining compliance with the lawful order. They used the minimal amount of force required, which is evident by the injuries you sustained; an abrasion to your shin, as noted on your CDCR 7219. Sergeant Armenta and Officer Lira arrived after the force had been used. Officer Lira's involvement in this incident consisted of him escorting you to the Treatment Triage Area.

Based on the aforementioned, this appeal is Partially Granted at the First Level of Review because I could not account for the legal property or the glasses you claimed you lost during this incident.

[signature] 12-14-06

G. Savala DATE

Correctional Lieutenant

[signature] 12-22-06 2A

# Exhibit # 1

Copy of entire appeal of 8-8-05 with "Order" to "Re-issue" Rehear" Dated 12-16-05 as to Plaintiff "Belton"..

All Rights Denied..

Due Process Denied Stated in Order of 12-16-05..

As Acts of 12-16-05 show "ongoing" Pattern by Hernandez, Cota, and Munoz to defeat of Rights of Access by Grievance. etc..

Pattern Custom. Policy..

"Imminent Danger of Serious Physical Injury" and "Pattern of misconduct"..

Exhibits # 1-3..

TE OF CALIFORNIA—YOUTH AND _T CORRE .NAL AGENCY ARNOLD SCHWARZENEGGER, Governor

0163

PARTMENT OF CORRECTIONS
CHARD J. DONOVAN CORRECTIONAL FACILITY
D. Box 799006
n Diego, CA 92179-9006

April 25, 2005

Mr. Jimmie Stephen
C-56483
F3-13-105U

Dear Mr. Stephen:

I am in receipt of four Inmate/Parolee Appeals (CDC forms 602) as listed below:

- May 26, 2004, requesting half-time credits be applied retroactively to 1989;
- June 4, 2004, requesting family visits, adult magazines, etc.;
- June 10 , 2004, regarding Inmate Trust Account Statements;
- August 27, 2004, requesting to see an Optometrist.

Your documentation has been forwarded to the Appeals Coordinator for review. As you are aware, an inmate under the jurisdiction of the California Department of Corrections (CDC) who feels that any departmental decision, action, condition, or policy which they can demonstrate has an adverse effect upon their welfare may submit an Inmate/Parolee Appeal (CDC form 602) seeking relief from the adverse condition. The CDC has a procedure established by law to process the request for grievance up to the Director's level of review.

If you have any questions or need additional information, please contact the Appeals Office via institutional mail.

Sincerely,

ROBERT J. HERNANDEZ
Warden

cc: A. Cota, Appeals Coordinator

3A

**INMATE APPEAL ROUTE SLIP**

To: F3 Date: October 17, 2005

14-129U

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-3-05-01607 By Inmate STEPHEN, C56483

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue: DISCIPLINARY
Due Date: 11/28/2005
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

J. T. Stovall
Inmate Appeals Coordinator
R.J. Donovan Correctional Facility

McMAHAN

DATE: November 16, 2005

NAME: STEPHEN, J.

CDC: C-56483

APPEAL #: 05-1607 <u>SECOND LEVEL REVIEW</u>

APPEAL DECISION: PARTIALLY GRANTED

APPEAL ISSUE: You are appealing a Serious CDC-115 Rules Violation Report (RVR), Log No. F3-05-410, dated August 8, 2005, in which you were found guilty of violating California Code of Regulations (CCR) Title 15, Section 3005(a) Conduct: Stalking. You contend that the charge of Stalking was not substantiated, the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail", a conflict of interest existed with the Senior Hearing Officer (SHO) and that you were not provided a copy of the letter intercepted by the Mailroom Supervisor and turned over to the Security and Investigations Unit.

Specifically, you request a "conflict of interest be declared" against the SHO, Correctional Lieutenant R. Shelar and that the RVR be dismissed.

APPEAL RESPONSE: In reaching a decision on this matter, a thorough review of your appeal and the attached documentation was conducted. Applicable sections of the CCR were also reviewed. Additionally, on November 16, 2005, you were interviewed by Lt. D. McMahan regarding your appeal. During the interview you reiterated the statements in your appeal and presented no further evidence or information.

Mr. Stephen, a review of the processing of your CDC-115 indicates all time constraints were met, but there appears to be a due process issue in that you were not provided a copy of the handwritten letter you allegedly wrote to Correctional Officer Belton, which was intercepted by Mailroom Supervisor J. McNeil. During the hearing the SHO acknowledged the letter was unavailable, but stated it was not considered as evidence in the hearing. However, item #1 of the SHO's Findings makes direct reference to the letter and its contents as part of the culpatory evidence. Additionally, the letter is referenced by multiple witnesses in the Investigative Employee's Report and appears to be the key link between you, the log which was subsequently discovered in your cell and the Stalking charge. Therefore, you were entitled to a copy of that letter prior to your hearing.

Your claim that the Mailroom Supervisor violated procedure by opening an envelope marked "Legal Mail" is without merit. The term "Legal Mail" applies to correspondence between inmates and attorneys. The envelope in question was an interdepartmental "U-Save-Em" envelope addressed to a staff member. You also failed to show that a conflict of interest resided in the SHO. Finally, the issue of whether or not the charge of Stalking can be substantiated is moot in that a new hearing will be ordered for the RVR.

Your request that a "conflict of interest be declared" against the SHO and that the RVR be dismissed is denied. However, the RVR is ordered Re-issued/Reheard to comply with due process concerns. Therefore, your appeal is PARTIALLY GRANTED at this Second Level of Review.

S. ARMOSKUS
Chief Deputy Warden

6

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

[ 410 ]

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | | RJDCF | 13-105U | F3-05-410 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(a) CONDUCT | STALKING | UNit #13 | 08/08/05 | 13:30 |

CIRCUMSTANCES

On Tuesday, August 8, 2005, at approximately 1330 hours, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN's, J., C-56483, F3-13-105U, stalking Correctional Officer M. Belton. On August 5, 2005, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to Officer Belton. Inmate STEPHEN's states in the letter that he is in love with Officer Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himslef, and the letter contained instructions for Officer Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer, Correctional Officer R. Billingsley and I conducted a search of Inmate STEPHEN's Cell F3-13-105. During the search, Officer Billingsley discovered a chronological log when Officer Belton worked Housing Unit 13 and her demeanor towards him when she did. As a result, Inmate STEPHEN was rehoused in the Administrative Segregation Unit (ASU). Inmate STEPHEN is aware of this report.

MHSDS: CCCMS

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ A. VASQUEZ, Correctional Officer | 8-15-05 | S & I "A", ISU | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | XX INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ J. N. CLARKE, Sergeant | 8-16-05 | DATE 08/09/05 LOC. F2-06-118L |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | E(7) | 8-16-05 | ▶ J.W. DRESBACH, Facility Captain | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 8/16/05 | 1210 | N/A |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ — DATE — TIME |

HEARING

Inmate issued copies of copies of all documents; including envelopes, signatures, etc; this date: 9/13/05 Issued by: M. [illegible] Time: 1186 hours.

Inmate STEPHEN appeared before this Senior Hearing Officer (SHO) on 9-15-05 at 1940 hours and was in good health. He received all pertinent copies 24 hours prior to this hearing. All charges were read to him and he was prepared to proceed. He is a MHSDS participant at the CCCMS level of care. **STAFF ASSISTANT:** Not assigned per CCR 3315(d)(2)(A)1,2,3. **INVESTIGATIVE EMPLOYEE:** C/O Diaz was assigned and her report was taken into consideration. **WITNESSES:** None requested for this hearing. **INMATE PLED:** NOT GUILTY, stating, "It ain't mine, the log might be mine because I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." **FINDINGS:** GUILTY of CCR 3005(a) CONDUCT, Specifically:STALKING (Behavior which endangers another person), based on:th

1. The RVR, authored by C/O Vasquez, dated 8-8-05, which states in part; that on 8-5-05, the Investigative Services Unit (ISU) received a handwritten letter which was intercepted by Mailroom Supervisor J. McNeil. The letter was in a U-Save-Em envelope addressed to C/O Belton. Inmate STEPHEN states in the letter that he is in love with C/O Belton ISU Officer Billingsley and I conducted a search of Inmate STEPHENs cell F3-13-105. During the search Officer Billingsley found a chronological log when C/O Belton worked H/U #13 and her demeanor towards him when she di[d]

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

HEARING CONTINUED ON pART-C page 1 of 2

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| R.J SHELAR, Lieutenant | ▶ | 9-15-05 | 1940 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ J. W. DRESBACH, Facility Captain | 9-20-05 | ▶ B. OLIVERO, Associate Warden | 9-26-05 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 9-26- | |

CDC 115 (7/88)

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-56483 | STEPHEN, J. | F3-05-410 | RJDCF | 9-13-05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER

IE (continues)............

STAFF WITNESS STATEMENT: Mailroom Supervisor, J. McNeil: "On 8-5-05, while performing my duties as the Institutions Mailroom Supervisor, I intercepted a handwritten letter in a U SAVE 'EM envelope addressed to C/O Belton. I called Correctional Sgt. J. Clarke of the Investigative Service Unit (ISU) briefly explaining to him of the letter I intercepted in the Mailroom addressed to C/O Belton. I explained to Sgt Clarke I did not want to talk to him over the phone and preferred talking to him in person. During my meeting with Sgt. Clarke, I turned over the U SAVE 'EM envelope and the letter addressed to C/O Belton to him."

INMATE STEPHEN, J., C-56483 has the following questions for Mairoom Supervisor J. McNEIL:

Q: "What did you do when you received the letter?"
A: "I called the Squad."

Q: "Who was present at the time the letter was found or opened?"
A: "No one."

Q: "Was the alleged victim present when the letter was opened?"
A: "No."

Q: "What did the envelope contain?"
A: "A letter in a U SAVE 'EM and another U SAVE 'EM with her name on the return envelope."

Q: "Was there any markings, or other names on the envelope than the victim C/O Belton?"
A: "Her first initial and her last name."

INMATE STEPHEN had the following questions for ISU Officer A. Vasquez:

Q: "What did you do when the letter was received?"
A: N/A.

Q: "Who was present at the time the alleged letter was found?"
A: N/A

Q: "Was the allegd victim present when the letter was opened?"
A: "No."

Q: "What did the envelope contain?"
A: "A letter in a envelope."

Q: "Was there any markings or names other than victim?"
A: "Yes."

COPY of IE Issued to I/M by:__________ Date:__________ Time:__________

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| M. Diaz, Correctional Officer [signature] | 9-13-05 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

8

CDC 115-C (5/95) OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-56483 | STEPHEN, J. (1) | 3005(a) | 8/08/05 | RJDCF | F3-05-410 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | [signature] | 9-16-05 |
| ☒ ASSIGNED | DATE 9-7-05 | NAME OF STAFF M. DIAZ, CORRECTIONAL OFFICER | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 9-7-05, at approximately 1045 hours, I informed Inmate STEPHEN, CDC# C-56483 that I was a fact finder for the Senior Hearing Officer and my function was to gather pertinent information, question staff and/or inmates, and submit a written report. Inmate STEPHEN stated he understood my position as the Investigative Employee and had no objection to my assignment.

**DEFENDANT'S STATEMENT:** Inmate STEPHEN, J., C-56483: "I'm not guilty, it was not mine."

**REPORTING EMPLOYEE'S STATEMENT:** "On 8-8-05, the Investigative Services Unit (ISU) concluded an investigation into Inmate STEPHEN, J., C-56483, F3-13-105U, stalking C/O Belton. On 8-5-05, the ISU received a handwritten letter that was intercepted by Mailroom Supervisor J. McNeil. The letter was inside of a U SAVE 'EM envelope addressed to C/O Belton. Included in the U SAVE 'EM envelope was a second U SAVE 'EM envelope addressed to Inmate STEPHEN himself, and the letter contained instructions for C/O Belton not to include her name in her response and he would be able to identify her letter by the included self-addressed envelope. ISU Officer R. Billingsley and I conducted a search of I/M STEPHEN's Cell F3-13-105. During our search, we discovered a chronological log when C/O Belton worked in H/U #13 and her demeanor towards him when she did. As a result, we placed I/M STEPHEN in Ad-Seg. This concludes my statement."

COPY OF IE Issued to I/M by: ______ Date: ______ Time: ______

SEE CONTINUED on PART-C page 1 of 2

M. Diaz, Correctional Officer

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| [signature] | 9-10-05 |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| | [signature] | 1200 | 9-16-05 |

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-66483 | STEPHEN, J.- | F3-05-410 | RJDCF | 9-20-05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER______

Hearing (continues)......

Findings (continue)......

2. The I.E Report which reiterates the statements in the RVR.

33. Inmate STEPHEN's statement during the hearing that the log was his.

4. The Chronological log I/M STEPHEN maintained dating back to at least 12-25-03, in which he details specific dates when Officer Belton was assigned to Fac.3, his conversation and other interactions with her on those dates, and her response to him or toward him.

NOTE: The letter refeered to in the RVR which alerted ISU Staff to I/M STEPHEN's activities regarding Officer Belton was not available at the time of the hearing, and I/M STEPHEN was not supplied a copy of it. The SHO also was not provided a copy of this letter, and therefore, it was not considered as evidence in this hearing. I/M STEPHEN's was established as the author of the chronological log by his statements during the hearing, specifically; "The log might have been mine. I have a case against Sgt. Clarke. I was keeping track of who he put in my building to set me up." Inmate STEPHEN's claim to have been keeping track of the staff assigned to his building is not credible in that he did not note any other staff names, nor did he make daily entries. His entries were specific to C/O Belton and the dates she was assigned to work Fac.3. In the hearing I/M STEPHEN stated the entries only referred to the subject as "B" and claimed that the entries were not about C/O Belton, but were about another person by the name of "Bonner". The name Bonner appears on an undated page in thelog, however on that same page I/M STEPHEN's has made an entry listing his housing as D4-228, clearly not a bed number for the RJDCF, and written a statement that he is "scheduled to go to Donovan soon." Also, there are no C/O's of that last name who were employed at RJDCF during the time frame of the log. When asked by this SHO who Bonner was, I/M STEPHEN was evasive and merely stated "some person". This SHO therefore deems this statement not credible.

Taken together, the aforementioned evidence constitutes a preponderance of evidence, which supports a finding of Guilty of CCR 3005(a) Conduct, Specifically; Stalking (Behavior which endangers another person).

DISPOSITION: Assessed 60 days Time Credit forfeiture for a Division E-7 offense.
Assessed 60 days Loss of Privileges from 9-15-05 thru 11-114-05 to include no family visits, evening dayroom/yard, special purchases, quarterly packages, nor non-emergency calls.
Reprimanded and counseled that this type of behavior will not be tolerated.
Refer to Classification for program/housing review.
The inmate was advised he would receive a final copy of this report after audit by the Chief Disciplinary Officer, and of his appeal rights per CCR 3084.1; and further advised of the credit restoration and disciplinary-free period requirements per CCR 3327/3328.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R.J SHELAR, Correctional Lieutenant | 9-15-05 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

CDC 115-C (5/95) OSP 99 25082

10

EMERGENCY APPEAL

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: 1. "3084.7" 2.

Log No.: 1. 05-1107 2.

Category: 1 / 67

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jimmie Stephen | C56483 | AD-SEG | 7-146 |

A. Describe Problem: On 9-15-05 found "Guilty" by Lt Shelar" without Alleged "Letter" "Envelope" front and Back to show Legal mail Sealed by Staff as front of Letter States Confidential, Legal mail, to an Alleged employee and opened, by J. McNeil without the Victim presence ect., this Evidence Covered-up Deprived plaintiff of Documentary Evidence to prove Innocense., Rights Deprived: "Wolff v McDonnell" 418, US, 539 (1977))

If you need more space, attach one additional sheet. Title 15 Art 5658, 2932, 3335, 3320-L. P.C 5054.

B. Action Requested: ① Conflict of Interest Declared Against Lt Shelar as Ped Lis Interest Con Exist and He Know of by Plaintiff., Conflict of Interest. ② 115 is Invalid as Evidence Doesnt Show Statement of I'm in Love ect. ③ Dismissal of 115..

Inmate/Parolee Signature: *Jimmie Stephen* Date Submitted: 9-20-05

C. INFORMAL LEVEL (Date Received: ________)

Staff Response: ________

Staff Signature: ________ Date Returned to Inmate: ________

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ________ Date Submitted: ________

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

115 # F3-05-410..

11

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

Interviewed by: ______

BYPASS

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: OCT 17 2005 Due Date: NOV 28 2005

☐ See Attached Letter

Signature: [signature] Date Completed: 11/22/05

Warden/Superintendent Signature: [signature] Date Returned to Inmate: NOV 29 200

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

12

ON 9-15-05 I Plaintiff Jimmie Stephen was found "Guilty" by "Lt Shelar" of "stalking" officer "M. Belton" A "Potential witness" in case #84-0064-GIC.. as Elements of "Stalking" was not met or "cannot be met".. as "No Deceitful" nor "Criminal Purpose" shown by Alleged Log.. Neither is there a "Victim". Nor charge of "Stalking" in Title 15..

"Cause of Action"

this action alleged began on 8-5-05 by a "J. McNeil" of mailroom supervisor, whom has violated "federal Laws" by "maliciously opening" properly marked "Legal mail" as shown by "Lt Shelar" as evidence used for Guilt on 9-15-05.. and "suppressing" letter, "envelope", for "Defense".

"Victim"

There is "No Victim" in this matter or an "intent" to "Harass" "." "to Stalk" or "complaint", by Victim". If name "Bonner" or "Belton" Documents are Referring too..

Conflict of Interest

① "McNeil" gave alleged "Letter", "envelope", etc to "sgt Clarke a "Defendant in GIC-84-0064.. conflict exist.

② "Lt Shelar" Hearing officer of 9-15-05 pending Lawsuit and 13 others being "Held by Court", because present Lawsuit against their "attorney" the "attorney General" office for filing false Documents". "conflict exist"

"Entire Case Contaminated"

true against fraud or Perjury

Date 9-19-05

Signature [signature]

# EXHibit # 2

Copy of memo from Counselor "Llopo" Dated 3-21-08 of Receiving these Documents

Showing willful Pattern of MisconDuct.. As of 9-29-06. see Page # 2A..

STATE OF CALIFORNIA
**OFFICE MEMO**
STD. 100 (REV. 4-95)

DATE 3/21/08

TO
Stephens

ROOM/STA. NO.

PHONE NUMBER CALNET

FROM
D. Lloyd CCI

ROOM/STA. NO.

SUBJECT

FYI —

I you need something like this — JUST SUBMIT AN INMATE REQUEST — It's much faster (#1) and #2 Appeals would have rejected it — telling you to submit a request to your counselor. —

I checked your disciplinary section & could not find the "re-issued/re-heard 115 for this case. If this did not happen you must submit your appeal to RJD not CMC — RJD did not comply w/ the mod order.

95 28511

Exhibit #3

Copy of "Legal Status Dated 6-14-07 adding "60" Days to appeal of 8-8-05 for "Recall and Rehearing" of 12-16-05..

this act by Counselor "Oshiro" is Illegal under DOM # 54100.18.3..

Page # 2 states 60 Days found in Audit of 6-14-07..

Imminent Danger of Serious Physical Injury Pattern ongoing as to "Misconduct"..

Double Jeopardy see Exhibit # 1..

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| C56483 | STEPHEN,JIMMIE,EARL 1149X | BLA | 07/18/1952 |

ACA STEPHENS,JIMMIE
ACA STEPHENS,JIMMIE,EARL

| TERM STARTS | LIFE TERM STARTS | MIN ELIGIBLE PAROLE DTE |
|---|---|---|
| 04/22/1991 | 10/09/2001 | 10/09/2011 |

BASE TERM 15/00 + ENHCMNTS 20/00 = TOT TERM 35/00 TO LIFE | PAROLE PERIOD LIFE

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| A714077 | 674 | | | | | 336 | | 11 | 1021 |

INMATE COPY

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

DOC. HEARING: / DEFENSE ATTORNEY: KESSEL, A.
INIT. HEARING: 09/2010 INVESTIGATING AGENCY: PD/LA

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |
|---|---|---|---|---|---|

CONTROLLING PRINCIPAL & CONSECUTIVE (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --

| | | | | | |
|---|---|---|---|---|---|
| 4/22/1991 | LA | A714077 | 4/10/1991 | | |
| | | 03 P667.5(B) | PPT-NV | 1 | |
| | | 03 P667(A) | 01 PFC SERIOUS | 1 | |
| 01 | P187 2ND | MURDER 2ND | | 32 | 06/06/1989 |
| | | (O)WPN | | | |
| | | 12022.5 USE | | 1 | |

| IWTIP WAIVER DATE | BEGINNING BALANCE | CREDIT APPLIED | TOTAL LOST | TOTAL RESTORED | NET TOTAL |
|---|---|---|---|---|---|
| 04/22/1991 | 0 | 2537 | 360 | 270 | 2447 |

CREDITS AUTO RE-VESTED PER PC-2934 : 5

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | VIOL CAT | DAYS |
|---|---|---|---|---|---|---|
| WCL | 01/26/1993 | | 0193B49 | 3005(B) | F | 30 |
| WCL | 08/25/1993 | | 0893D066 | 3005(B) | F | 30 |
| WCL | 02/14/1995 | | 0295D041 | 3005(B) | F | 30 |
| WCL | 04/28/1995 | | 0495D080 | 3005(C) | B | 150 |
| WCG | 04/22/1991 | 12/31/1996 | | | | 916 |

******* CONTINUED *******

Case 3:08-cv-00751-DMS-WMC Document 1 Filed 04/23/2008 Page 20 of 22

| CDC NUMBER | NAME |
|---|---|
| C56483 | STEPHEN,JIMMIE,EARL |

| | | | | | | |
|---|---|---|---|---|---|---|
| WCL | 02/21/1997 | | A97020035 | 3012 | F | 30 |
| WCR | 06/19/1997 | | 0193B49 | | | 30 |
| WCR | 06/19/1997 | | 0893D066 | | | 30 |
| WCR | 06/19/1997 | | A97020035 | | | 30 |
| WCR | 03/24/1999 | | 0495D080 | | | 150 |
| WCG | 01/01/1997 | 12/31/1999 | | | | 981 |
| WCG | 01/01/2000 | 09/30/2001 | | | | 639 |
| WCG | 09/30/2001 | 09/30/2001 | ADJ | | | 1 |
| WCL | 08/08/2005 | | F305410 | 3005(A) | E | 60 |
| WCL | 10/04/2006 | | F206567 | 3005(B) | F | 30 |
| WCR | 04/24/2007 | | F206567 | | | 30 |

INMATE COPY

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | ASSESS | DAYS LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|
| CON | 02/01/1983 | | ******BEG BAL******* | | | | | |
| ADD | 11/19/1982 | | A623116 | | | | | |
| ADD | 12/21/1984 | | A755003 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |
| ADD | 04/22/1991 | | A714077 | | | | | |

CURRENT PC BALANCE: 457 CURRENT BC BALANCE: 1370

60 day WCL NOT previously entered found during Audit

18

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I am the party of the above entitled actions, a citizen of the United States and over the age of eighteen years, and a resident of San Luis Obispo County. My current address is:

California Men's Colony-East
P.O. Box 8101 Room A-114G
San Luis Obispo, CA. 93409-8101

I CERTIFY ( OR DECLARE), UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON 4-18, 20 08, AT SAN LUIS OBISPO, CALIFORNIA, 93409-8101.

PETITIONER

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I AM A RESIDENT OF SAID COUNTY, I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE ABOVE ENTITLED ACTION. MY BUSINESS ADDRESS IS:

CALIFORNIA MEN'S COLONY-EAST
P.O. BOX 8101 / Room________
SAN LUIS OBISPO, CALIFORNIA 93409-8101

ON 4-18, 20 08, I SERVED THE WITHIN
"Imminent Danger Exception" #1 & 2

ON THE PARTY: Attorney General office

IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID, IN THE UNITED STATES MAIL, AT CALIFORNIA MEN'S COLONY, SAN LUIS OBISPO, CALIFORNIA, 93409-8101, ADDRESSED AS FOLLOWS:
Attorney General

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON 4-18, 20 08, AT SAN LUIS OBISPO COUNTY, CALIFORNIA.

KHALID QADIR

SIGNATURE OF DECLARANT

(REV. 6/07)

36

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
APR 23 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

2254 1983
FILING FEE PAID
Yes No
IFP MOTION FILED
Yes No
COPIES SENT TO
Court ProSe

**I (a) PLAINTIFFS**

**Jimmie Stephen**

**DEFENDANTS**

**R. Hernandez**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Luis Obispo
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Jimmie Stephen**
**PO Box 8101**
**San Luis Obispo, CA 93409**
**C-56483**

**ATTORNEYS (IF KNOWN)**

'08 CV 0751 DMS WMc

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
☐ 110 Insurance
☐ Marine
☐ Miller Act
☐ Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710Fair Labor Standards Act
720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc.
☐ Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 4/23/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

[signature]